DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-558-FDW
(3:00-cr-136-GCM-4)

| | |
|---|---|
| JOHN JERMAINE BECKHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Relief under 28 U.S.C. § 2241, or for alternative relief under the All Writs Act of 28 U.S.C. § 1651. (Doc. No. 1). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina. After pleading guilty pursuant to a plea agreement in which he agreed that he may be sentenced as a U.S.S.G. § 4B1.1 career offender, Petitioner now seeks relief from his designation as a career offender under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

I. BACKGROUND

Petitioner was charged in a superseding bill of indictment on August 7, 2000, with conspiracy to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846 ("Count One"), and one count of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 ("Count Six"). (Criminal Case No. 3:00cr136-GCM-4, Doc. No. 14: Superseding Indictment). In the indictment and in a separate notice, the Government noticed Petitioner's multiple prior drug convictions, which, at

1

that time, significantly enhanced the minimum sentence Petitioner faced for the drug offenses. (Id., Doc. No. 28: Notice of Intention to Seek Enhanced Penalties).

Several months later, Petitioner entered into a plea agreement with the Government, in which he agreed to plead guilty to Count One, and the Government agreed to dismiss the remaining § 841 count. See (Doc. No. 50: Plea Agreement). In the written agreement, Petitioner acknowledged that he faced a minimum sentence of twenty years of imprisonment and a maximum sentence of life imprisonment for the conspiracy offense, id. at ¶ 3; Petitioner agreed that he should be held responsible for at least 150 grams but less than 500 grams of cocaine base, id. at ¶ 4(a); the Government agreed to file an amended information noticing only one of Petitioner's prior drug convictions, id. at 4(c); Petitioner acknowledged that the career offender provision of U.S.S.G. § 4B1.1 may apply to the determination of his sentence, id. at ¶ 4(e); and Petitioner agreed to waive his rights to challenge his conviction or sentence on appeal or in any post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct, id. at ¶ 16. Consistent with the plea agreement, the Government filed an amended "notice of intention to seek enhanced penalties," listing only Petitioner's prior 1998 conviction for sale and delivery of cocaine. (Id., Doc. No. 56: Amended Notice of Intention to Seek Enhanced Penalties). Petitioner received a sentence of eight to ten months of imprisonment for this conviction. (Id., Doc. No. 195 at ¶ 35: PSR).

Before sentencing, a probation officer prepared a pre-sentence investigation report ("PSR") describing Petitioner's offense conduct, calculating Petitioner's total offense level, and summarizing Petitioner's criminal history. The probation officer recommended that Petitioner be held responsible for between 150 and 500 grams of cocaine base, yielding a base offense level of 34. (Id. at ¶ 18). The probation officer also recommended that Petitioner receive a three-level

reduction for acceptance of responsibility. (Id. at ¶¶ 24). The probation officer also recommended, however, that Petitioner be designated a career offender pursuant to U.S.S.G. § 4B1.1, in light of his prior drug conviction and his prior armed robbery conviction, and, as such, recommended that his base offense level was 37, and total offense level (accounting for acceptance of responsibility) was 34. (Id. at ¶¶ 26-28). The probation officer also determined that Petitioner had amassed twelve criminal history points, placing him in criminal history category V, but noting that, as a career offender, Petitioner was category VI. (Id. at ¶ 41). With a total offense level of 34 and criminal history category VI, Petitioner faced a guidelines range of 262 to 327 months. (Id. at ¶ 67). He also faced a mandatory minimum sentence of 240 months of imprisonment. (Id. at ¶ 66). This Court subsequently sentenced Petitioner to 300 months of imprisonment and entered the judgment on April 4, 2003. (Id., Doc. No. 152: Judgment).

Petitioner appealed, but the Fourth Circuit dismissed his appeal in light of the appellate waiver contained his plea agreement, entering its mandate on June 8, 2006. (Id., Doc. Nos. 183; 189). On July 17, 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel, prosecutorial misconduct, and abuse of judicial discretion, which the Court denied a few days later. (Id., Doc. Nos. 190; 191). Petitioner filed a second § 2255 on December 8, 2011, seeking relief under Simmons, which the Court dismissed as an unauthorized successive petition. (Id., Doc. Nos. 268; 270).

On October 3, 2013, Petitioner filed through counsel the pending petition for relief under 28 U.S.C. § 2241 and an alternative petition for relief based on the writs of coram nobis and audita querela. (Doc. No. 1). On October 15, 2013, this Court ordered the Government to respond to Petitioner's request for relief. (Doc. No. 6). On December 13, 2013, the Government filed its Response, contending that the Court should deny the petition because Petitioner waived

3

in his plea agreement any challenge to his sentence on collateral review and his designation as a career offender under U.S.S.G. § 4B1.1, although erroneous after Simmons, is a guidelines error and, therefore, not cognizable on collateral review. (Doc. No. 8).

## II. DISCUSSION

Petitioner's claim for relief is denied, first, because Petitioner explicitly waived, as part of his plea agreement, his right to challenge his sentence, including his designation as a career offender, in a post-conviction proceeding. See United States v. Brantley, No. 12-4752, 2013 WL 5952217 (4th Cir. Nov. 8, 2013) (enforcing waiver in plea agreement and dismissing petitioner's Simmons attack on his career offender designation). Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His challenge to his designation as a career offender is neither a claim of ineffective assistance of counsel nor a claim of prosecutorial misconduct. Accordingly, none of the exceptions to his waiver applies.

Next, even if Petitioner had not waived the right in his plea agreement to challenge his

4

career offender status, he would not be entitled to relief under § 2241 or the writs of error coram nobis or audita querela. Petitioner does not challenge the legality of his conviction, nor has the substantive law changed such that the conduct of which Petitioner was convicted is deemed not to be criminal. Instead, Petitioner seeks to have his sentence vacated because his PSR recommended that he be sentenced under U.S.S.G. § 4B1.1 as a career offender based on a prior conviction that is no longer considered a felony drug offense after Simmons.

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). By contrast, § 2241 is a means of attacking the manner in which a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). However, as the Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of § 2255 permits a petitioner to seek relief under § 2241.[1] In re Jones, 226 F.3d at 333. While the savings clause can be invoked to permit § 2241 relief where § 2255 is inadequate or ineffective, it only applies to permit such relief when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion,

---

[1] The savings clause of § 2255 provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Applying the above factors, the Fourth Circuit indicated that a petitioner's challenge under Simmons to his armed career criminal status was not cognizable through a § 2241 petition, unless the petitioner could prove that he was actually innocent of the underlying convictions supporting the armed career criminal status. See Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013). Earlier, the Fourth Circuit had observed that the savings clause of § 2255 only preserves claims in which Petitioner claims actual innocence of convictions, and the savings clause does not extend to allow relief under § 2241 to petitioners challenging only their sentences. See United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008). Here, because Petitioner is challenging only the validity of his sentence based on his career offender designation, and not the legality of his underlying convictions resulting in the career offender designation, he is not entitled to relief under § 2241 based on the erroneous sentence enhancement.

Nor is Petitioner entitled to relief under either the writs of error coram nobis or audita querela. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under Section 2255(f)(1). Audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here,

6

Section 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos. 3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013). In sum, Petitioner is not entitled to relief as to the sentence imposed based on his career offender designation.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's § 2241 petition is denied, and he is not entitled to alternative relief under the writs of error coram nobis or audita querela.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 petition, (Doc. No. 1), is **DENIED**, and he is not entitled to alternative relief under the writs of error coram nobis or audita querela.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 18, 2013

Frank D. Whitney
Chief United States District Judge